**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| LEON C. TAYLOR, | : | Case No. 2:25-cv-1162 |
| | : | |
| Petitioner, | : | District Judge James L. Graham |
| | : | Magistrate Judge Kimberly A. Jolson |
| vs. | : | |
| | : | |
| CYNTHIA DAVIS, *et al.*, | : | |
| | : | |
| Respondents. | : | |
| | : | |

**REPORT AND RECOMMENDATION**

On December 1, 2025, following the reclassification of this action as a 28 U.S.C. § 2241 habeas corpus action, the Court entered a Deficiency Order directing Petitioner to either pay the $5.00 filing fee or file a motion for leave to proceed without payment of fees within thirty days. (Doc. 7). Petitioner was advised that failure to comply with the Order could result in the dismissal of his case for want of prosecution. (*Id*. at PageID 39). Given his pro se status, the Clerk sent him an Application and Affidavit by Incarcerated Person to Proceed Without Prepayment of Fees form. (*Id*.). In response, Petitioner submitted a filing which appeared to be a motion to proceed *in forma pauperis* but it was not on the Court's official form. (Doc. 9).

Because the Court was unable to assess from Petitioner's submission whether or not he had insufficient funds in his prison account to initiate this action without payment of fees, the Court entered a Second Deficiency Order on February 25, 2026. (Doc. 10). The Order again directed Petitioner to either pay the filing fee or submit a completed

Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form, including the "Certificate" page (page 8 of the form that is used in this Court, completed and signed by the institutional cashier) within thirty days. (*Id*. at PageID 52-53). Petitioner was again advised that failure to comply with the Order could result in the dismissal of his case for want of prosecution. (*Id*. at PageID 53). Additionally, he was sent another copy of the Application and Affidavit by Incarcerated Person to Proceed Without Prepayment of Fees form. (*Id*.).

On March 9, 2026, Petitioner filed a response but it again failed to comply with the Court's Order. (*See* Doc. 11). Despite the Court's direction to file a completed Application, including the Certificate page completed and signed by the institutional cashier, Petitioner submitted an incomplete application with a blank Certificate page. (*Id*. at PageID 59).

At this time, well more than thirty days after the Court entered the February 25, 2026 Order, Petitioner still has not provided the requested account information. The Federal Rules of Civil Procedure (Fed. R. Civ. P.) are generally applicable to habeas corpus petitions filed pursuant to § 2241. *See* Rules 1(b) & 12, Rules Governing Section 2254 Proceedings for the United States District Courts. Under Fed. R. Civ. P. 41(b), a civil action may be dismissed where the petitioner "fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962) ("District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious

disposition of cases."); *Gravitt v. Tyszkiewicz*, 14 F. App'x 348, 349 (6th Cir. 2001) (affirming dismissal of § 2241 petition for failure to prosecute).

In light of Petitioner's failure to comply with the Court's February 25, 2026 Second Deficiency Order, it is hereby **RECOMMENDED** that this matter be **DISMISSED without prejudice** for want of prosecution.  *See* Fed. R. Civ. P. 41(b); *see also Link*, 370 U.S. at 630.

Date: April 16, 2026                        *s/* Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE

### PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).