**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| LEON C. TAYLOR, | : | Case No. 2:25-cv-1162 |
| Petitioner, | : | |
| | : | District Judge James L. Graham |
| vs. | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| CYNTHIA DAVIS, *et al*., | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

Petitioner, a State inmate currently confined at the Southern Ohio Correctional Facility (SOCF), has filed a pro se pleading titled "Complaint Habeas Corpus" and/or "Complaint for Habeas Corpus." (Doc. 1). Initially observing that the pleading appeared to mix elements of a 42 U.S.C. § 1983 civil rights action and a 28 U.S.C. § 2241 habeas corpus petition, the Court ordered Petitioner to clarify whether he intended to file a § 1983 civil rights action or a § 2241 habeas petition. (Doc. 5, at PageID 35). From his response, which referred to his action as a "habeas corpus filing" (*see* Doc. 6, at PageID 36), the Court determined that Petitioner intended to proceed under § 2241 and classified the case as such. (Doc. 7, at PageID 38). Petitioner has paid the $5 filing fee.

This matter is now before the Court for a preliminary review of the "Complaint Habeas Corpus" and/or "Complaint for Habeas Corpus" pursuant to Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rules), which applies to § 2241 actions, as provided in Habeas Rule 1(b). Summary dismissal of a habeas petition under Rule 4 is appropriate "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4. *See also* 28 U.S.C. § 2243 (permitting the district court to summarily dismiss a

habeas petition if it appears that the petitioner is not entitled to relief). For the reasons stated below, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** because Petitioner's claims are not cognizable under § 2241.

## I. Background

Petitioner alleges that Ohio prisons, including SOCF, lack cameras inside cells, bathrooms, and other spaces and that this presents a safety issue. (Doc. 1, at PageID 2). Petitioner blames the lack of cameras for an alleged assault against him that occurred at the Trumbull Correctional Institution in May 2022. (*Id.* at PageID 8). He also blames the lack of cameras for an alleged theft of his electronic tablet that occurred at the Mansfield Correctional Institution in September 2025. (*Id.* at PageID 8–9). Additionally, Petitioner takes issue with the food at SOCF, alleging that the oatmeal being served is not fit for human consumption. (*Id*. at PageID 2–3, 14).

Based on these allegations, Petitioner brings Eighth Amendment failure-to-protect claims against Respondents—the SOCF Warden Cythia Davis, the "ODRC Camera/Security Staff/Dept.," and the "ODRC Dietitian Dept." (*Id*. at PageID 1–3, 7–8, 13–14).

For relief, Petitioner seeks release from confinement and monetary damages. (*Id*. at PageID 2–3, 9, 14).

## II. Analysis

Although Petitioner attempts to bring his claims under § 2241, a review of his pleading (Doc. 1) establishes that his claims do not sound in habeas corpus. As a general rule, conditions-of-confinement claims can only be raised under § 1983. *See Rodriguez v. Garland*, No. 3:21-CV-1998, 2022 WL 393969, at *1 (N.D. Ohio Feb. 9, 2022) (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)). *See also Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("If a state prisoner

is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus."). And while the Sixth Circuit has recognized an exception to this rule where a petitioner asserts that "no set of conditions of confinement would be constitutionally sufficient," *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) (citing *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011)), Petitioner makes no such assertion here.

Indeed, rather than asserting that no conditions of confinement would be constitutionally sufficient, Petitioner's claims are best characterized as seeking to improve asserted prison conditions at SOCF, through the addition of cameras, or other recording devices, and through dietary changes. (*See* Doc. 1, at PageID 9, 14). Stated another way, Petitioner's pleading does not fall under § 2241 because it alleges conditions that can be corrected. *See Numann v. Pullen*, No. 4:21-CV-1686, 2021 WL 5760543, at *3 (N.D. Ohio Dec. 3, 2021). *See also Hopson v. Chambers-Smith*, No. 5:25-CV-817, 2025 WL 3181619, at *1 (N.D. Ohio Nov. 14, 2025) (where "there was a remedy short of immediate release that would remedy [the petitioner's] asserted constitutional violation, it cannot be said that only immediate release would provide Petitioner relief from his alleged violation of his constitutional rights"); *Wilson v. Williams*, 961 F.3d 829, 837–838 (6th Cir. 2020) ("conditions of confinement claims seeking relief in the form of improvement of prison conditions . . . are not properly brought under § 2241") (citing *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)).

Under these circumstances—where a petitioner asserts claims that are more appropriate for consideration under § 1983—the Sixth Circuit has found that the proper course is to dismiss the claims without prejudice, so that the petitioner may refile them in a § 1983 civil rights action if he

so wishes. *See Luedtke*, 704 F.3d at 466 ("The district court properly dismissed without prejudice [the petitioner's] first three claims because § 2241 is not the proper vehicle for a prisoner to challenge conditions of confinement.") (citing *Martin*, 391 F.3d at 714).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's "Complaint Habeas Corpus" and/or "Complaint for Habeas Corpus" (Doc. 1), filed pursuant to 28 U.S.C. § 2241, be **DISMISSED without prejudice**. *See* Habeas Rule 4; 28 U.S.C. § 2243. *See also Luedtke*, 704 F.3d at 466.

2. A certificate of appealability should not issue with respect to the petition because jurists of reason would not find it debatable that Petitioner's challenge to his conditions of confinement should be brought in a civil rights action under 42 U.S.C. § 1983, rather than in a habeas action under 28 U.S.C. § 2241. *See Hopson*, 2025 WL 3181619, at *1.

3. With respect to any application by a petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** any petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: September 10, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed

findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).